IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |  | |
|---|---|---|---|
| **JESUS GOICOCHEA,** | ) | | |
| | ) | | |
| Petitioner, | ) | Case No. 7:21CV00232 | |
| | ) | | |
| v. | ) | **OPINION** | |
| | ) | | |
| **J. C. STREEVAL,** | ) | JUDGE JAMES P. JONES | |
| | ) | | |
| Respondent. | ) | | |

*Jesus Goicochea, Pro Se Petitioner; Krista Consiglio Frith, Assistant United States Attorney, Roanoke, Virginia, for the Respondent.*

Petitioner, Jesus Goicochea, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]  Goicochea contends that while he was incarcerated at the federal prison FCI Estill, in South Carolina, he was wrongfully found guilty and penalized for a prison disciplinary infraction.  After review of the parties' submissions and the record, I conclude that the defendant's Motion to Dismiss the Petition must be granted on the ground that Goicochea failed to exhaust available administrative remedies before filing this action.

---

[1] Goicochea is currently confined at the United States Penitentiary Lee, located within this judicial district.

I. Background.

On January 6, 2020, correctional officer R. Williams tried to retrieve a food tray from Goicochea's cell.[2] Williams found the window in the door of Goicochea's cell was covered with a towel so that Williams could not see inside, which prohibited him by policy from opening the food slot to retrieve the tray. Williams ordered Goicochea to remove the towel, but the inmate failed to do so. The cell door window is considered a security device, since it allows officers, while doing rounds and welfare checks, to view and ensure inmates' wellbeing and safety. Williams reported Goicochea for an institutional infraction for blocking his cell door window. Another official served Goicochea with a copy of the Incident Report at 4:15 p.m. on January 6, 2020, and advised him of his procedural rights.

After a preliminary hearing on January 8, 2020, at which Goicochea made no statement, the Incident Report was referred to a prison Disciplinary Hearing Officer ("DHO"). Goicochea signed a form acknowledging that he had been advised of his rights in preparation for the DHO hearing, and he was also served with notice of that hearing. He indicated that he did not wish to have a staff representative or to call any witnesses.

---

[2] The summary of facts, which is undisputed, is taken from documentation presented in support of the defendants' Motion for Summary Judgment, including the declarations of Anita Cano ("Cano Decl."), ECF No. 6-1, and Destiny Spearen ("Spearen Decl."), ECF No. 6.2, and attachments thereto.

On January 15, 2020, a DHO conducted a hearing on the charge that Goicochea had committed an act prohibited by Code 208, which was destroying, altering, interfering with, improperly using, or damaging any security device. During the hearing, Goicochea stated that he was not guilty, but made no further statement. At no point did he assert the defense that he felt threatened by his cellmate whom he now says was responsible for covering the window. The DHO found that Goicochea was guilty of committing an act prohibited by Code 208. The DHO found that the reporting officer's statement carried greater evidentiary weight than Goicochea's statement, since the inmate did not provide any reason or evidence to support his denial of guilt. The DHO also stated that both inmates assigned to a cell are responsible for ensuring that the window is not covered.

In Goicochea's administrative appeal of the guilty finding, he proposed, as he proposes now, that his cellmate covered the window and that removing the towel from the window might have placed Goicochea at risk of harm from his cellmate. He also contends that officials had insufficient proof that he *committed* the prohibited act. As such, he demands that the conviction should be expunged and the twenty-seven days of good conduct time he forfeited as penalty for the offense should be restored to him.

II. DISCUSSION.

The standard for review on a motion for summary judgment is well-settled. The court should grant summary judgment only when the pleadings and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g., Celotex Corp. v. Catrett ex re. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* at 255.

Although § 2241 does not contain a statutory exhaustion requirement, courts ordinarily require petitioners to exhaust available administrative remedies prior to seeking habeas review under § 2241. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973); The exhaustion requirement gives prison officials an

opportunity to develop a factual record and provides prisons "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only by a showing of cause and prejudice. *Williams v. Breckon*, Civil Action No. 7:19cv00387, 2020 WL 1158255, at *2 (W.D. Va. Mar. 10, 2020).

The Bureau of Prisons (BOP) has administrative remedy procedures through which an inmate may seek a formal review of an issue or complaint relating to his confinement. To appeal a DHO decision at an institution, the inmate must file his appeal directly with the appropriate Regional Director within twenty calendar days of that DHO's decision. 28 C.F.R § 542.14(a), (d)(2). If the inmate is not satisfied with the Regional Director's response, he may appeal to the Office of General Counsel using the appropriate forms. § 542.15(d). He must file this final appeal within thirty calendar days of the date when the Regional Director signed the response. Appeal to the General Counsel is the final administrative appeal.

An inmate's Administrative Remedy filing history is available for review through the BOP's computer database, SENTRY, as an Administrative Remedy Generalized Retrieval Form. On such a form, administrative remedy numbers identify at what level the inmate filed a remedy and the number of times the inmate filed the remedy at that level. A remedy filed at the institution level is identified by an F, at the Regional Office level an R, and at the Central Office level an A. An

initial remedy filed at the institution level is assigned an F1. If the administrative remedy is rejected and re-filed at the institutional level, the re-filed remedy is identified as F2. The same system is used for all three levels of review.

When administrative remedy requests are rejected, the materials are returned to the inmate, and the agency does not keep copies of the rejected remedy requests, unless a request was filed as a "sensitive" remedy at the Regional Office level. Spearen Decl. ¶ 6. SENTRY records, however, show the administrative remedy was filed, the date it was filed, the date it was rejected, and codes explaining the reasons for the rejection.

A review of Goicochea's records indicates that he has filed or attempted to file five administrative remedies during his incarceration. Three of these attempted administrative remedies related to the DHO report challenged here. The first two remedies, 1010739-R1 and R2, were filed at the regional level and were rejected because Goicochea sent the remedy to the wrong region and did not complete the requisite form. The third remedy, 1010739-R3, was accepted at the regional level on November 23, 2020, and was denied on February 19, 2021. Goicochea did not appeal this denial to the Office of General Counsel.[3] Because Goicochea failed to

---

[3] Goicochea's record also reflects a second remedy, 1010739-R4, was received at the regional office on November 23, 2020, but this entry also indicates that it was created in error.

appeal his available administrative remedy denial, he failed to exhaust his administrative remedies.

Goicochea has not shown cause or prejudice related to his failure to exhaust. Indeed, his response to the Motion for Summary Judgment merely asks for a decision. He has not provided any evidence to refute the respondent's documentation indicating that Goicochea failed to pursue an available appeal and, therefore, failed to exhaust available remedies as required. The inmate also did not provide any information about why he failed to exhaust.

### III. CONCLUSION.

Given Goicochea's undisputed failure to exhaust available BOP administrative remedies before filing this action, I must grant the Motion for Summary Judgment. Furthermore, as I find no evidence that Goicochea now has an available administrative remedy to exhaust, I will dismiss his claims with prejudice.

A separate Final Order will be entered herewith.

DATED: December 10, 2021

/s/ JAMES P. JONES
Senior United States District Judge